## MATTER OF DOLHANCEY

In Deportation Proceedings

A-6556208

*Decided by Board November 5, 1965*

The records of conviction of respondent on a plea of guilty of 3 separate offenses of prostitution and assignation, coupled with her admission that the records of conviction relate to her, constitute adequate evidence of record to sustain a charge of deportability under section 241(a)(12), Immigration and Nationality Act, as one who has engaged in prostitution after entry.

CHARGE:

Order: Act of 1952—Section 241(a)(12) [8 U.S.C. 1251(a)(12)]—Engaged in prostitution after entry.

The respondent, a native and citizen of France, appeals from an order entered by the special inquiry officer on August 20, 1965, directing her deportation to France on the charge stated in the order to show cause. Exceptions have been taken to the finding of deportability.

The respondent last entered the United States through the port of New York on or about May 29, 1946. She was admitted as a non-quota immigrant, the wife of a United States citizen. She testified she has resided continuously in the United States since her admission in May of 1946.

The order to show cause alleges that the respondent was convicted on a plea of guilty in the Court of Quarter Sessions of the Peace for the County of Philadelphia, Pennsylvania on March 3, 1964 of three separate offenses of prostitution and assignation in that on or about April 4, April 16, and May 17, 1963, she unlawfully used a building at 1307 Sansom Street in the City of Philadelphia for the purpose of prostitution and assignation. The order to show cause also alleges that the respondent unlawfully committed assignation and prostitution; unlawfully directed, took and transported a person to a building and place with the knowledge that the purpose of such

taking and transporting was prostitution and assignation and that she unlawfully aided and abetted prostitution and assignation. There is also an allegation that the respondent "engaged in prostitution during April and May 1963." The record of conviction supporting the allegations set forth in the order to show cause are entered in the record as Exhibits 4, 5 and 6. The respondent concedes that Exhibits 4, 5 and 6 relate to her.

Exhibit 2 is a statement made by the respondent on July 23, 1964. She testified that the convictions set forth in Exhibits 4, 5 and 6 arose out of her activities in connection with her operation of a massage parlor at 1307 Sansom Street in the City of Philadelphia, Pennsylvania. She testified that the arrest took place at her place of business and that she was the owner and operator at the time. When questioned as to whether her husband received any of the earnings of the business the respondent replied "he was getting several hundred dollars a week, including the things I bought for the home . . . nobody makes $200 or $300 a week giving massages and he was just playing dumb" (p. 6 of Ex. 2). The respondent when questioned as to whether she committed acts of prostitution testified "I pleaded guilty. That's the only way I want to answer this" (p. 6 of Ex. 2).

The respondent when questioned as to whether she committed oral sodomy while operating the massage parlor testified "I did it in a certain way . . . I was particular. I would not take the first one that came along" (p. 7 of Ex. 2). Oral sodomy as performed by the respondent is an act of prostitution.

The respondent in her notice of appeal (Form I-290A) maintains that she is not deportable because "I was not responsible at that time . . ." due to illness. She maintains that her arrests and convictions were not for prostitution. She testified further that she pleaded guilty to the offenses set forth in Exhibits 4, 5 and 6 upon advice of counsel.

While a conviction of having engaged in prostitution is not a requirement to support a charge under section 241(a)(12) of the Immigration and Nationality Act nevertheless the records of conviction in this particular case when considered in light of the respondent's admissions found in Exhibit 2 amount to substantial evidence in support of the charge that after entry she engaged in prostitution. The records of conviction in the instant case spell out the proscribed conduct in detail and the respondent admits that the records of conviction relate to her. We find that the evidence of record adequately sustains the charge laid under section 241(a)(12) of the Immigration and Nationality Act.

The respondent stated that she wishes to remain in the United States "because I have my son who was born in the United States . . . I am very attached to him and don't want to leave him." The only relief for which the respondent may be eligible is an application for an adjustment of status under section 245 of the Immigration and Nationality Act, as amended, coupled with an application for a waiver of the grounds of inadmissibility arising because of her prostitution. There is no application for relief before us and the respondent has stated that she does not have the fee for filing the application under section 245. An appropriate order dismissing the appeal will be entered.

ORDER: It is directed that the appeal be and the same is hereby dismissed.